FILED' 09 FEB 09 13:46 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH L. DROLLINGER,

        Plaintiff,

Civ. No. 08-1216-CL

v.

DAVID ROSCO CARLSON,

        Defendant.

ORDER

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff has filed objections and I have reviewed the file of this case de novo. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981). I adopt the Report and Recommendation.

**DISCUSSION**

    Plaintiff, an inmate at the Snake River Correctional Institution, filed a civil rights action and moved to proceed in forma pauperis. This court ordered plaintiff to notify the court

1 - ORDER

whether he would authorize monthly payments from his prison trust account to pay the $350 filing fee. As required by statute, monthly payments would be 20% of plaintiff's income for the preceding month. See 28 U.S.C. § 1915(b). Plaintiff earns about $36 per month. This court advised plaintiff that if he did not authorize the withdrawals, the action would be dismissed without prejudice and plaintiff would not be charged a filing fee.

Plaintiff responded with a request that the court waive the entire filing fee. Plaintiff did not authorize withdrawals from his prison trust account.

The Report and Recommendation correctly recommends that this action be dismissed without prejudice because of plaintiff's decision not to authorize withdrawals. However, based on the Report and Recommendation's statement that the dismissal would be for failure to comply with this court's order and for failure to prosecute, plaintiff concluded that "if he declines to authorize the [withdrawal], it would be considered non-compliance of the Court Order and that his case would be in danger of being dismissed for failure to prosecute his case which carries a very substantial consequence should Plaintiff try to refile his Complaint raising the same issues at a later time when he could afford to pay for the fees and costs of the Action." Objection at 2. Plaintiff also states that if dismissal under these circumstances will not prevent him from refiling his complaint, he would prefer to have the action dismissed.

The only consequence of plaintiff's decision not to

2 - ORDER

authorize monthly withdrawals is the dismissal of this action without prejudice. This dismissal does not prevent plaintiff from refiling this action when he is willing to pay the filing fee. Because the dismissal is based on plaintiff's failure to authorize monthly withdrawals, not on the merits of plaintiff's complaint, this dismissal does not count as a "strike" under 28 U.S.C. § 1915(g). Cf. O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) (dismissal without prejudice is a strike if the court "denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim"). I adopt the Report and Recommendation.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#10) is adopted. This action is dismissed without prejudice and with leave to refile.

IT IS SO ORDERED.

DATED this 9 day of February, 2009.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER